Aaron Schu (SBN 299701)
Aaron.Schu@quarles.com
**QUARLES & BRADY LLP**
101 West Broadway, Suite 1500
San Diego, California 92101
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorney for Plaintiff Intake Breathing Technology, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Intake Breathing Technology, LLC, <br><br> Plaintiff, <br><br> v. <br><br> JL Hub LLC, <br><br> Defendant. | Case No. <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Intake Breathing Technology, LLC ("Intake" or "Plaintiff") brings this action for patent infringement under 35 U.S.C. § 271 against JL Hub LLC ("Defendant" or "JL Hub"), and alleges as follows:

## I. NATURE OF THE ACTION

1. This is a civil action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff makes the following allegations against Defendant.

2. Defendant has directly infringed and continues to directly infringe Intake's U.S. Patent No. 9,510,969 ("the '969 Patent").

## II. JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to the provisions of the Patent Act, 35 U.S.C. § 1 *et seq.*, 28 U.S.C. § 1338(a)-(b) (exclusive patent claim jurisdiction), and 28 U.S.C. § 1331 (original federal question jurisdiction).

4. This Court has personal jurisdiction over Defendant because, among other reasons, and upon information and belief, Defendant has committed acts of patent infringement in this District, including at least through providing, advertising, promoting, offering to sell, and selling its infringing JL Breathen Sleep Solutions "Performance Nose Tabs" products (the "Accused Products"). On information and belief, Defendant has substantial and continuous contacts in the State of California, it has purposefully availed itself of the privilege of doing business in the State of California, and it has directed its infringing activities at the State of California.

5. Venue is also proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Defendant has an established place of business in this District and/or is incorporated in the State of California.

## III. THE PARTIES

6. Plaintiff, Intake Breathing Technology, LLC is a California limited liability company with its principal place of business at 614 Santa Barbara Street,

Ste. A, Santa Barbara, CA 93101 and is the owner of the patent asserted in this action.

7. Plaintiff is the owner of all right, title, and interest in and to U.S. Patent No. 9,510,969 ("the '969 Patent"). A true and correct copy of the '969 Patent is attached as **Exhibit 1**.

8. The '969 Patent issued on December 6, 2016. *See* Ex. 1.

9. The '969 Patent was and is valid and enforceable at all times relevant to this action and is entitled to a presumption of validity under 35. U.S.C. § 282.

10. The '969 Patent is directed to nasal adhesives that attach to the user's nose and are specifically designed to interact and cooperate with a breathing system apparatus. A representative picture of Plaintiff's nasal adhesive product embodying the '969 Patent is shown below:



11. Plaintiff's patented nasal adhesives are designed to be used as part of Plaintiff's innovative magnetic nasal dilator system, also patented, that includes the nasal adhesives, a magnetic band that spans across the nasal adhesives to dilate the nasal passage, and an applicator specifically designed to apply the nasal adhesives accurately to the nose. A representative picture of Intake's magnetic nasal dilator system is shown below:

12. The patented nasal dilator technology was invented by James D. Castillo, a prolific inventor and motorsports enthusiast who holds multiple patents across various fields. The idea for the nasal dilator was first conceived during a motorcycle excursion. While wearing goggles, Mr. Castillo experienced discomfort and difficulty breathing due to the pressure on his nose.  This experience prompted him to improvise a device that would keep the nostrils open—even under pressure—leading to the initial development of the nasal dilator technology.

13. The concept resurfaced during a family gathering, where Mr. Castillo realized that this innovation could have a broader application for athletes of all kinds and for people struggling with nasal breathing in everyday life. What started as a solution for an isolated motor-sports problem evolved into a novel and widely useful device. That idea became a reality through years of design, development, and refinement, ultimately resulting in the patented technology at issue in this case.

14. Plaintiff developed a product line embodying the '969 Patent under the brand name "Intake®" ("Plaintiff's Products"), which is sold exclusively under the Intake brand by Plaintiff and one select distributor, including through Intake's website (www.intakebreathing.com) and by Plaintiff on e-commerce platforms such as Amazon.com and TikTok.  Plaintiff's product line includes its nasal dilator

devices designed to improve airflow and enhance breathing and performance for consumers.

15. After being used and worn by many professional athletes, including in televised interviews, Plaintiff's Products then went viral on social media, including on TikTok.

16. On information and belief, Defendant JL Hub is a California limited liability company with a principal place of business at 12842 Newhope St., Garden Cove, CA 92840.

17. Upon information and belief, Chuljun Jang and Henry Hokyoung Lee are the managers of JL Hub LLC.

18. On information and belief, Defendant JL Hub operates one or more e-commerce stores on Amazon.com under the brand JL Breathen Sleep Solutions with ASIN: B0FGB68QYY.

19. Defendant makes, uses, offers for sale, sells, and/or imports into the United States the Accused Products in this action.

20. Defendant is not licensed under the '969 patent or any other Intake patents and lacks authorization to practice the inventions claimed therein.

### IV.  DEFENDANT'S UNLAWFUL CONDUCT

21. The viral success of Plaintiff's Products has resulted in significant and exponential infringement of Plaintiff's Patent. Due to the growing popularity and demand for Plaintiff's highly-effective and high-quality patented nasal dilator technology, opportunistic sellers including Defendant have entered the market with infringing products that attempt to mimic Plaintiff's products and that infringe on its patents. Because of this ongoing infringement, Plaintiff is currently losing sales in at least the five-figure range on a monthly basis, severely affecting its ability to capitalize on its own innovation and recover its investment in product development and marketing.

22. Defendant is making, using, selling, advertising, offering for sale, and/or importing into the United States nasal adhesives that imitate Plaintiff's nasal adhesives and infringe the '969 Patent. A representative picture of the Accused Products, as advertised on Amazon.com, where they are labeled "Performance Nose Tabs," is shown below, taken from a true and correct webcapture of Defendant's listing and a selection of the Defendant's product reviews, including several which mention Plaintiff's product, attached as **Exhibit 2**:



23. The Accused Products meet multiple claims of the '969 Patent.

24. Publicly available materials, including the product itself and Defendant's advertising, confirm that the Accused Products practice the claimed invention in the '969 patent. The unauthorized manufacture, use, sale, offer to sell, and importing of the Accused Products constitutes infringement under 35 U.S.C. § 271(a).

25. Defendant has had notice of the '969 Patent and that the Accused Products infringe the '969 Patent at least as of the filing of this Complaint.

26. On information and belief, Defendant is willfully infringing Plaintiff's patent and knowingly seeking to trade off of the success of Plaintiff's invention without Plaintiff's authorization.

# COUNT I

## PATENT INFRINGEMENT (35 U.S.C. § 271) – THE '969 PATENT

27. Plaintiff re-alleges and incorporates by reference each of the allegations in the paragraphs 1–26 as if fully set forth herein.

28. Plaintiff is the exclusive owner of all rights, title, and interest in and to the '969 Patent, titled "NASAL ELEMENT FOR A BREATHING SYSTEM," duly and legally issued by the United States Patent and Trademark Office on December 6, 2016, including the right to bring this suit for injunctive relief and damages. A true and correct copy of the '969 Patent is attached hereto as **Exhibit 1**.

29. The '969 Patent is valid and enforceable.

30. Defendant makes, uses, offers for sale, sells, and/or imports the Accused Products including without limitation the Performance Nose Tabs listed on Amazon.com under ASIN B0FGB68QYY, that directly infringe, whether literally or under the doctrine of equivalents, one or more claims of the '969 Patent, including at least representative claim 1.

31. The Accused Products satisfy all claim limitations of at least one claim of the '969 Patent. A claim chart comparing representative claim 1 of the '969 Patent to a representative sample of the Accused Products is attached as **Exhibit 3**. This showing of infringement is based on publicly available information, and Plaintiff reserves the right to identify additional infringing activities and products, including, for example, on the basis of information obtained during discovery.

32. Defendant is not licensed or otherwise authorized by Plaintiff to practice and/or induce others to infringe the claims of the '969 Patent.

33. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured and irreparably harmed Plaintiff and is liable for infringement of the '969 Patent pursuant to 35 U.S.C. § 271.

34. Defendant has actual knowledge of the '969 Patent and that the Accused Products infringe the '969 Patent since at least the filing of this Complaint.

35. Defendant has profited from its sales of the Accused Products and its infringement of the '969 Patent.

36. Defendant's manufacture, use, sale, offer for sale, and/or importation into the United States of the Accused Products since at least after the filing of this Complaint constitutes willful infringement entitling Plaintiff to treble damages under 35 U.S.C. § 284.

37. As a direct and proximate cause of Defendant's infringing activities, Plaintiff has suffered and will continue to suffer, substantial damages in an amount to be proven at trial. Plaintiff is entitled monetary judgment pursuant to 35 U.S.C. §§ 154(d) and 284 in an amount adequate to compensate for Icon's infringement, but in no event less than a reasonable royalty, together with interest and costs as fixed by the Court, and Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are immediately enjoined.

38. Defendant's continuing acts of infringement have caused and will continue to cause Plaintiff irreparable harm, for which Plaintiff has no adequate remedy at law, unless Defendant's continuing acts of infringement are enjoined by the Court under 35 U.S.C. § 283. The hardships that an injunction would impose are less than those faced by Plaintiff should an injunction not issue. The public interest would be served by issuance of an injunction.

39. Defendant's infringement of the '969 Patent is exceptional and entitles Plaintiff to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## JURY DEMAND

40. Plaintiff hereby demands a trial by jury on all issues so triable.

**REQUESTS FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendant on the patent infringement claim set forth above and respectfully requests that this Court grant the following relief:

41. Enter judgment against Defendant finding that Defendant has directly infringed, literally of under the doctrine of equivalents, one or more claims of the '969 Patent;

42. Enter judgement against Defendant finding that Defendant has willfully infringed one or more claims of the '969 Patent;

43. Temporarily, preliminarily, and permanently enjoin Defendant, its affiliates, officers, agents, employees, assigns, representatives, and all persons acting for, with, by, through, under, or in active concert with Defendant from making, using, offering for sale, selling and/or importing into the United States for subsequent sale or use any products that infringe upon the '969 Patent, including the Accused Products;

44. Enter an Order that, upon Plaintiff's request, those with notice of the injunction, including without limitation, any websites and/or online marketplace platforms, such as Amazon, shall disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of goods that infringe the '969 Patent, including the Accused Products;

45. Award Plaintiff all available and legally permissible damages and relief adequate to compensate Plaintiff for Defendant's infringement of the '969 Patent, including to the full extent permitted by 35 U.S.C. § 284, and including enhanced damages, together with pre- and post-judgement interest, in an amount to be determined at trial;

46. Award Plaintiff supplemental damages or profits for any prejudgment interest and post-judgment interest, continuing post-verdict infringement up until entry of the final judgment, with an accounting as needed;

47. Award Plaintiff the total profit made by Defendant from its infringement of the '969 Patent pursuant to 35 U.S.C. § 289;

48. Award Plaintiff treble damages under 35 U.S.C. § 284 as a result of Defendant's willful infringement of the '969 Patent.

49. Declare this to be an exceptional under 35 U.S.C. § 285 and award Plaintiff its reasonable attorneys' fees, costs, and expenses incurred in connection with this action;

50. Award Plaintiff its costs and expenses incurred in bringing and prosecuting this action pursuant to 35 U.S.C. § 284, Rule 54(d) of the Federal Rules of Civil Procedure, and all other applicable statutes and rules in common law as may apply; and.

51. Award any and all other relief that this Court deems just and proper.

Dated: February 4, 2026             QUARLES & BRADY LLP


                                    By:   /s/ Aaron Schu
                                          AARON SCHU
                                          Attorneys for Plaintiff Intake Breathing
                                          Technology, LLC